UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW JERSEY and STATE OF CONNECTICUT,<br><br>        *Plaintiffs,*<br><br>v.<br><br>ANDREW WHEELER,<br>in his official capacity as Administrator of the United States Environmental Protection Agency, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>        *Defendants.* | Civ. No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Clean Air Act, 42 U.S.C. §§ 7401** *et seq.***)** |

Plaintiffs, the State of New Jersey and the State of Connecticut (collectively State Plaintiffs), allege as follows:

**INTRODUCTION**

1. State Plaintiffs seek declaratory and injunctive relief through the citizen suit provision of the Clean Air Act (the Act) against Andrew Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (together, EPA), to compel EPA's performance of overdue nondiscretionary duties under the Act.

2. EPA failed to perform its mandatory duty to make findings of failure to submit state implementation plans (SIPs) that comply with the "Good Neighbor" provision of the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone national ambient air quality standards (NAAQS). The Good Neighbor Provision requires states to submit plans to prohibit in-state emissions of air pollutants in amounts that contribute significantly to another state's

nonattainment of any NAAQS, or that interfere with another state's maintenance of any NAAQS. *Id.* States' Good Neighbor SIPs must be submitted to EPA within three years of EPA's adoption or revision of a NAAQS. 42 U.S.C. § 7410(a)(1). No later than six months from the states' Good Neighbor SIP submission deadline, EPA is required to determine whether the states have submitted compliance plans. 42 U.S.C. § 7410(k)(1)(B).

3. Pennsylvania and Virginia are upwind of State Plaintiffs, meaning that prevailing winds carry pollution from sources in Pennsylvania and Virginia into New Jersey and Connecticut. EPA air pollution models show that transported pollution from Pennsylvania and Virginia contributes significantly to State Plaintiffs' nonattainment of the 2015 ozone NAAQS.

4. More than four years have passed since EPA promulgated the 2015 ozone NAAQS, on October 1, 2015. Yet, Pennsylvania and Virginia still have not submitted Good Neighbor SIPs.[1]

5. The deadline for EPA to find that states did not file Good Neighbor SIPs was April 1, 2019. Nearly seven months later, EPA still has not made this finding for several long-overdue plans, including for Pennsylvania and Virginia.

6. EPA's delay is prejudicial to State Plaintiffs. EPA's failure-to-submit findings will start a two-year deadline for EPA to issue a federal implementation plan (FIP) to address the delinquent states' Good Neighbor obligations. The longer EPA waits to issue these findings, the longer the FIP is delayed, and the longer State Plaintiffs will suffer from high ozone levels caused in part by upwind air pollution.

---

[1] *See* https://www3.epa.gov/airquality/urbanair/sipstatus/reports/ x110_a_2_ozone_2015_section_110_a_2_d_i_-_i_prong_1_interstate_transport_-_significant_contribution_inbystate.html (last visited October 28, 2019). Note that, as of this date, EPA had not yet updated this summary to reflect Maryland's reported submission of its Good Neighbor SIP on October 8, 2019.

7. State Plaintiffs sue for an order that EPA is in violation of its statutory obligation to issue failure-to-submit findings for Pennsylvania and Virginia, and enjoining EPA to make these findings without further delay.

## JURISDICTION

8. This Court has subject matter jurisdiction under the citizen suit provision of the Act, 42 U.S.C. § 7604(a)(2). This provision authorizes any person, after due notice to EPA, to sue to compel the performance of a nondiscretionary duty under the Act. The Court also has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel a federal officer or agency to perform a duty owed to plaintiffs).

## NOTICE

9. On July 26, 2019, pursuant to section 304(b) of the Act, 42 U.S.C. § 7604(b), State Plaintiffs sent a certified letter to EPA that they intended sue EPA for failure to perform the nondiscretionary duties outlined here.

10. The statutory 60-day notice period expired on September 25, 2019, without action by EPA. As of today, EPA has still not issued the overdue failure-to-submit findings for Pennsylvania and Virginia.[2]

## VENUE

11. Venue is proper in this Court under 28 U.S.C. § 1391(e) because this civil action is brought against an agency of the United States with headquarters in Washington D.C., and

---

[2] On September 5, 2019, EPA made an announcement on its website of its non-binding intention to issue findings of failure to submit as to certain unspecified states by November 22, 2019. This is not an enforceable commitment, and would in any case be eight months late. *See* "Interstate Air Pollution Transport: What's New," https://www.epa.gov/airmarkets/interstate-air-pollution-transport (last visited October 28, 2019).

against the agency's Administrator, acting in his official capacity.  Venue is also proper because a substantial part of the events or omissions giving rise to the State Plaintiffs' claim occurred in this judicial district.

## PARTIES

12. State Plaintiffs are each sovereign states that bring this action on behalf of their residents to protect public health and welfare.  State Plaintiffs also bring this suit on their own behalf to protect their respective interests as administrators of healthcare programs and schools, as employers, and in protecting and preserving the natural resources held in trust by each state.  State Plaintiffs also sue in their capacity as joint regulators, with EPA, who are responsible under the Act for preparing implementation plans and for demonstrating attainment with the NAAQS by the Act's statutory deadlines, and who rely on EPA's timely performance in order to carry out their related responsibilities.  Each of the State Plaintiffs is a "person" as defined at 42 U.S.C. § 7602(e).

13. EPA is the federal agency charged with implementing the Act.  Andrew Wheeler is the Administrator of EPA and is sued in his official capacity.  EPA has a mandatory, nondiscretionary duty to issue findings of failure to submit within six months of the statutory deadline for submission of states' Good Neighbor SIPs.

## STATUTORY FRAMEWORK

14. The Act requires EPA to establish and periodically revise NAAQS, which establish maximum allowable ambient air concentrations for certain harmful air pollutants.  42 U.S.C. §§ 7408-7409.

15. Within three years of a new or revised NAAQS promulgated by EPA, each state must submit a SIP: the state's plan for "implementation, maintenance, and enforcement" of the new or the revised standard. 42 U.S.C. § 7410(a)(1).

16. Every SIP must meet the requirements of section 110(a)(2) of the Act, 42 U.S.C. § 7410(a)(2). This includes the requirements of section 110(a)(2)(D)(i)(I), the "Good Neighbor Provision," that SIPs prohibit sources within the state from emitting air pollution in amounts that will "contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any" NAAQS. 42 U.S.C. § 7410(a)(2)(D)(i)(I).

17. No later than six months after the SIP due date, EPA must formally determine whether a state has made a submission meeting the criteria of the Act, including whether the SIP satisfies the Good Neighbor Provision. 42 U.S.C. § 7410(k)(1)(B). EPA refers to the determination that a state has not timely submitted a SIP that meets the minimum completeness criteria as a "finding of failure to submit."

18. If a state has not submitted its Good Neighbor SIP by the statutory deadline, or if EPA finds that a SIP does not meet all the requirements of the Act, EPA has two years to prepare a federal plan in place of the missing or deficient state plan. Specifically, under section 110(c)(1), EPA must "promulgate a Federal implementation plan [FIP] at any time within 2 years after the Administrator – (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria established under subsection (k)(1)(A) of this section, or (B) disapproves a State implementation plan [SIP] submission in whole or in part, unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such Federal implementation plan [FIP]." 42 U.S.C. § 7410(c)(1).

**FACTUAL BACKGROUND**

19.     Ground-level ozone is a harmful air pollutant regulated under the NAAQS program. Ozone is not emitted directly into the air. It is a secondary air pollutant formed by the atmospheric reaction of ozone "precursors," principally nitrogen oxides (NOx) and volatile organic compounds (VOCs), in the presence of sunlight. 80 Fed. Reg. 65,292, 65,299 (Oct. 26, 2015).

20.     Breathing ozone can cause coughing, throat irritation, lung tissue damage, and can aggravate conditions such as asthma, bronchitis, heart disease, and emphysema. *Id.* at 65,302-11. Exposure to ozone has also been linked to premature mortality. *Id.* Children, the elderly, and those with existing lung diseases such as asthma are at higher risk from breathing ozone. *Id.*

21.     The formation and transport of ozone occurs on a regional scale over hundreds of miles throughout much of the eastern United States. EPA has long acknowledged that pollution from sources of NOx and VOC in upwind states contributes to downwind states' inability to attain and maintain the ozone NAAQS. Sources in upwind states routinely contribute to multiple downwind air quality problems in varying amounts. For this reason, EPA recognizes that reducing upwind pollution is necessary for downwind states to be able to comply with the ozone NAAQS, and that reducing ozone concentrations in downwind states requires a reduction in what EPA calls the "interstate transport" of ozone precursors from upwind states. 81 Fed. Reg. 74,504, 74,514 (Oct. 26, 2016).

22.     In 2008, EPA set the air quality standard for ozone at 75 parts per billion. 73 Fed. Reg. 16,436 (Mar. 27, 2008). In 2015, based on updated scientific information about the health risks of ozone at lower concentrations, EPA revised the ozone NAAQS to make it more stringent, setting the primary and secondary standards at 70 parts per billion. 80 Fed. Reg. at

65,292.  EPA promulgated the 2015 ozone NAAQS on October 1, 2015.  *See, e.g.*, 83 Fed. Reg. 62,998 (Dec. 6, 2018) (EPA implementation rule stating that the 2015 ozone NAAQS "were promulgated on October 1, 2015").

23. Under section 110(a)(1) of the Act, SIPs for the 2015 ozone NAAQS were due no later than October 1, 2018,  three years from promulgation of the revised standard.  42 U.S.C. § 7410(a)(1).  EPA then had six months – until April 1, 2019 – to issue failure-to-submit findings. 42 U.S.C. § 7410(k)(1)(B).

24. In 2018, EPA designated part or all of New Jersey and Connecticut as nonattainment for the 2015 ozone NAAQS.

25. EPA gave the New York-Northern New Jersey-Long Island, NY-NJ-CT metropolitan area (NY Metro Area) a "moderate" nonattainment designation.  83 Fed. Reg. 25,776, 25,821 (Jun. 4, 2018).  This area consists of 12 counties in New Jersey and three in Connecticut.

26. New Jersey's remaining nine southern counties are part of another regional nonattainment area, the Philadelphia-Wilmington-Atlantic City, PA-NJ-MD-DE metro area (Philadelphia Metro Area), which EPA classified as "marginal" nonattainment.  *Id.* at 25,819.

27. Connecticut's remaining five counties are part of the Greater Connecticut nonattainment area, also classified as "marginal" nonattainment.  *Id.* at 25,794.

28. The effect of these designations is that State Plaintiffs have to submit nonattainment SIPs detailing the additional measures the State Plaintiffs will take to come into attainment with the 2015 ozone NAAQS by deadlines in the Act.  For the NY Metro Area, the State Plaintiffs have an attainment deadline of 2024.  New Jersey's deadline for the Philadelphia

Metro Area, and Connecticut's deadline for the Greater Connecticut area, will come even sooner, in 2021.[3]

29. Air quality modeling for these nonattainment areas shows that high concentrations of ozone measured in these densely-populated regions are, in significant part, the result of emissions from major sources of NOx located outside and upwind of the State Plaintiffs. For example, EPA modeling results predict that pollution from Pennsylvania and Virginia will contribute significantly to high ozone levels in part or all of the State Plaintiffs' nonattainment regions for years to come unless EPA enforces the upwind states' Good Neighbor obligations.[4]

30. As soon as EPA issues the overdue failure-to-submit findings, EPA will have two years to promulgate FIPs to fully address the Good Neighbor requirements, including for Pennsylvania and Virginia. 42 U.S.C. § 7410(c)(1); *see EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 507 (2014) (recognizing EPA's nondiscretionary statutory duty to promulgate FIPs within two years of determining a SIP is missing or inadequate).

31. EPA's continuing failure to carry out this straightforward ministerial duty is a clear breach of its statutory duty. EPA's failure also prolongs harm to the health and welfare of State Plaintiffs' residents, who will be exposed to higher levels of ozone so long as EPA shirks its responsibility to curtail air pollution transport.

32. EPA's failure to comply with its nondiscretionary duty also places unfair economic and administrative burdens on State Plaintiffs. State Plaintiffs are required, subject to

---

[3] *See* EPA, Fact Sheet – Final Area Designations for the National Ambient Air Quality Standards for Ozone Established in 2015 at 7, *available at*: https://www.epa.gov/sites/production/files/2018-04/documents/placeholder_0.pdf.

[4] *See* EPA, 2015 Ozone NAAQS Interstate Transport Assessment Design Values and Contributions, https://www.epa.gov/sites/production/files/2018-05/updated_2023_modeling_dvs_collective_contributions.xlsx.

punitive consequences, to timely meet attainment obligations under the Act.  Those obligations are substantially more burdensome without EPA action to address ozone transport.  So long as State Plaintiffs remain in nonattainment, they are required to submit periodic revisions to their SIPs as required by sections 172 and 182 of the Act, showing that they are making "reasonable further progress" towards attainment by cutting in-state emissions year-after-year. 42 U.S.C. § 7502(b) and (c); 42 U.S.C. § 7511a.

33. State Plaintiffs already have among the most stringent, protective emissions limits in the country for their in-state sources of NOx and VOCs.  EPA's failure to timely issue findings of failure to submit harms the State Plaintiffs and their residents by obligating the State Plaintiffs to promulgate new, ever more stringent and expensive control measures for their local sources of ozone precursors.

34. EPA acknowledges that this is unfair, and has stated that requiring downwind areas to plan for attainment and maintenance of the NAAQS before requiring upwind reductions is contrary to the Act's statutory structure and places an "inequitable burden" on downwind areas. 81 Fed. Reg., at 74,516; *see also North Carolina v. EPA*, 531 F.3d 896, 911-12 (D.C. Cir. 2008) (EPA must coordinate interstate transport compliance deadlines with downwind attainment deadlines).

## **CLAIM FOR RELIEF**

(Failure to Perform a Nondiscretionary Duty
Required By 42 U.S.C. § 7410(k)(1)(B))

35.     State Plaintiffs re-assert and re-allege paragraphs 1 through 34 above.

36.     The deadline for submission of Good Neighbor SIPs for the 2015 ozone NAAQS was October 1, 2018.  Under 42 U.S.C. § 7410(k)(1)(B), EPA has a nondiscretionary legal duty to issue a finding of failure to submit no later than April 1, 2019, for every state that failed to submit a Good Neighbor SIP.

37.     To date, Pennsylvania and Virginia have not submitted Good Neighbor SIPs for the 2015 ozone NAAQS.

38.     EPA has not issued failure-to-submit findings for Pennsylvania and Virginia, in violation of 42 U.S.C. § 7410(k)(1)(B).

39.     EPA's inaction is a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," for which suit may be brought under 42 U.S.C. § 7604(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, State Plaintiffs respectfully request that this Court enter judgment:

1.     Declaring that EPA is in violation of section 110(k)(1)(B) of the Act by failing to perform a mandatory, nondiscretionary duty to issue findings that Pennsylvania and Virginia have failed to submit Good Neighbor SIPs required by 42 U.S.C. § 7410(a)(2)(D)(i)(I) for the 2015 ozone NAAQS;

2.     Enjoining EPA to make findings of failure to submit for Pennsylvania and Virginia without any further delay;

  3. Awarding State Plaintiffs their costs of litigation, including reasonable attorneys' fees recoverable under 42 U.S.C. § 7604(d);

  4. Retaining jurisdiction over this matter for purposes of ensuring EPA's compliance with the Court's order; and

  5. Awarding such other and further relief as this Court deems just and proper.

Dated: <u>October 29, 2019</u>        Respectfully submitted,

               GURBIR S. GREWAL
               *Attorney General of New Jersey*

           By: <u>/s/ Robert J. Kinney</u>
             Robert J. Kinney
             Aaron A. Love
             *Deputy Attorneys General*
             Division of Law
             25 Market St., PO Box 093
             Trenton, NJ 08625-0093
             (609) 376-2762
             Aaron.Love@law.njoag.gov

             WILLIAM TONG
             *Attorney General of Connecticut*

          By: <u>/s/ Jill Lacedonia</u>
             Matthew I. Levine
             Jill Lacedonia
             *Assistant Attorneys General*
             Office of the Attorney General
             55 Elm St., P.O. Box 120
             Hartford, CT 06106
             (860) 808-5250
             Jill.Lacedonia@ct.gov